IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR** | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-2680-JMY |
| | : | |
| **RODICA CRAESCU** | | |

## ORDER

AND NOW, this 24th day of February, 2022, upon careful and independent consideration of Plaintiff's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [ECF No. 1], Plaintiff's Motion for Grounds of Plain Error [ECF No. 16], and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski [ECF No. 13], **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Plaintiff's Motion for Grounds of Plan Error is **DENIED.**

3. The Plaintiff's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.[i]

4. There is no basis for the issuance of a certificate of appealability.

5. The case is **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[i] Where a habeas petition has been referred to the magistrate for a report and recommendation, the district Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge…receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636

(b) (1) (C). A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v.* Frank, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998)*; Cruz v. Chater,* 990 F. Supp. 375, 375-78 (M.D. Pa. 1998); Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b). An error is "plain" if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). When timely and specific objections are made, the district court reviews de novo those portions of the report and recommendation to which an objection is made. *Id.* at § 636 (b) (1) (C); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

On October 14, 2021, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation that Plaintiff's Petition for Habeas Corpus be Dismissed with Prejudice for failure to exhaust state court remedies. Plaintiff's Petition for Habeas Corpus centers around her request that she be released from jail having served more time than sentenced to from a prior guilty plea, even though she is now detained as a result of several new criminal cases pending against her. Plaintiff did not file any objections to Judge Sitarski's Report and Recommendation within the fourteen-day deadline. Instead, on December 16, 2021, Plaintiff filed a Motion for Grounds of Plain Error which collaterally attacks the dismissal of a separate civil action she filed involving claims under 42 U.S.C. § 1983 for excessive force. Since Plaintiff failed to timely object to Judge Sitarski's Report and Recommendation, we review under a plain error standard.

A review of the record reveals Judge Sitarski correctly concluded that Plaintiff has failed to exhaust her available remedies in state court, and that habeas review would be premature. A district court "ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A*)); see also Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts."). In order for a federal habeas petitioner to exhaust a claim, she "must give the state courts one full opportunity to resolve any constitutional issue[ ] by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Halloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct appeal or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

Plaintiff has not exhausted her state court remedies. Plaintiff's attempt in state court to remove her detainer remains pending and she is currently awaiting trial and sentencing on several, new criminal charges. (ECF No. 13; *See Com. v. Minor*, No. CP-51-CR-0003595-2018 (Phila. Cnty. Com. Pl.); *Com. v. Minor, No.* MC-51-CR-0006439-2020 (Phila. Cnty. Com. Pl); *Com. v. Minor*, No. MC-51-CR-0016665-2020 (Phila. Cnty. Pl); *Com. v. Minor*, No. MC-51-CR-0016666-2020 (Phila. Cnty. Com. Pl.)*; Com. v. Minor*, No. MC-51-CR-0000027-2021 (Phila. Cnty. Com. Pl.); *Com. v. Minor*, No. CP-51-CR-0006215-2021 (Phila. Cnty, Com. Pl.). She has not invoked one complete round of the state's established appellate review process with respect to her claims nor has she alleged any "special circumstances" that would allow federal review of the criminal cases pending against her while she is still awaiting trial. *Braden v. 30th Judicial Cir. Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"). Therefore, the Court dismisses Plaintiff's Petition for failure to exhaust as required under 28 U.S.C. § 2254 and denies Plaintiff's Motion for Grounds of Plain Error.